SUMMARY ORDER
Plaintiff Joseph J. Saviano appeals from a judgment of the district court, entered on March 6, 2007, 2007 WL 735707, granting summary judgment for defendant, the Town of Westport (“Westport”), on Saviano’s claims that Westport retaliated against him in violation of the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12203, and the Rehabilitation Act of 1973, 29 U.S.C. § 794. The district court concluded that Saviano could not “set forth a prima facie case of retaliation” under the ADA or the Rehabilitation Act, and declined to exercise supplemental jurisdiction over Saviano’s claim under the Connecticut Fair Employment Practices Act, Conn. Gen.Stat. § 46a-60(a)(4). On appeal, Saviano argues that the district court abused its discretion by refusing to grant him an extension of time to file papers in opposition to the motion for summary judgment, and erroneously awarded summary judgment to Westport. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the denial of a motion for an extension of time under an “abuse of discretion” standard. See Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 226 (2d Cir.2004). Rule 6(b)(1) of the Federal Rules of Civil Procedure states that “[wjhen an act may or must be done within a specified time, the court may, for good cause, extend the time ... (B) on motion made after the time has expired if the party failed to act because of excusable neglect.” Fed.R.Civ.P. 6(b)(1). In Tancredi, we noted *70 that the Supreme Court has set forth a non-exhaustive list of factors to consider when determining whether a party’s neglect is excusable: “[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.” Tancredi, 378 F.3d at 228 (internal quotation marks omitted; alterations in original). “As these factors suggest, ‘excusable neglect’ is an ‘elastic concept,’ that is ‘at bottom an equitable one, taking account of all relevant circumstances surrounding the party’s omission.’ ” Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 392, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).
The district court stated that it denied Saviano’s motion “because, in granting plaintiffs third motion to extend the deadline, the court had issued an order stating unequivocally that ‘No further extensions of this deadline will be granted.’ ” Mar. 3, 2007 Ruling and Order 2 n. 1. However, Westport’s motion to extend its deadline to file, granted de facto when the court considered Westport’s motion for summary judgment, had also followed several court ordered extensions, the last of which had also contained an unequivocal statement that no further extensions would be granted. Under the circumstances of this case, we believe the district court erred in applying the Tancredi factors when deciding Saviano’s most recent request for an additional extension of time to file a brief and accompanying papers in opposition to Westport’s motion for summary judgment.
Further, the district court’s adjudication of Westport’s summary judgment motion demonstrates why Saviano would be entitled to consideration of the materials he attempted to submit in opposition to the motion. After the district court inquired at oral argument whether Westport had any knowledge of protected activity, West-port submitted a transcript of the December 2, 2002, Board of Selectmen hearing during which an attorney for the town observed that Saviano had filed a disability discrimination charge in August 2001 and explicitly notified the town that Saviano might challenge any effort to terminate him as retaliation for having done so. In its memorandum accompanying this submission, Westport conceded that this evidence demonstrated both protected activity and Westport’s knowledge thereof, and the town asserted only that Saviano failed to demonstrate a causal connection between this activity and his termination. This evidence relevant to the retaliation claims, see Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir.2005) (stating that “participation in a protected activity” is an element of a retaliation claim), was not discussed in the district court’s opinion.
Had it relied on Westport’s concession, the district court would have been left to consider either whether Saviano had demonstrated the requisite causal connection or whether Westport had offered a legitimate non-discriminatory reason for its decision to discharge Saviano. Owing to the decision not to consider Saviano’s memorandum of law and supporting documents, Saviano was deprived of a full opportunity to offer evidence on these issues.
We find it appropriate in the circumstances, therefore — particularly in light of the district court’s reliance on a position abandoned by Westport — to vacate the district court’s order declining Saviano’s final request for an extension of time to file an opposition to Westport’s summary judgment motion and to remand the matter for further proceedings and, as necessary, further development of the record. In taking *71 this action, we express no views on the merits of plaintiffs case or defendant’s arguments in favor of summary judgment.
For the foregoing reasons, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this order.